NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0444n.06

No. 24-5851

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Sep 30, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| CORDARIOUS BALTIMORE, | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | OPINION |
| | ) | |

Before: KETHLEDGE, LARSEN, and BLOOMEKATZ, Circuit Judges.

KETHLEDGE, Circuit Judge. Cordarious Baltimore pled guilty to several charges related to armed robbery and agreed not to appeal his sentence. The government in turn agreed to recommend a sentence at the low end of the sentencing guidelines—unless Baltimore committed new crimes before sentencing. He did, and so the government recommended a sentence at the high end. Baltimore now appeals his sentence, arguing that the government violated their agreement and that the appeal waiver no longer binds him. We disagree and dismiss his appeal.

Over the course of a week in April 2016, in west Tennessee, Baltimore and a friend robbed three convenience stores at gunpoint. Baltimore thereafter signed a plea agreement with federal prosecutors in which he pled guilty to robbery, use of a firearm during a robbery, conspiracy to commit robbery, and three counts of possession of a firearm by a felon. 18 U.S.C. §§ 2, 922(g), 924(c), 1951. In that agreement, the government agreed (among other things) to dismiss several counts of the indictment and to recommend a sentence at the bottom of Baltimore's guideline

range. Agmt. ¶¶ 2, 4, 8. Baltimore agreed to waive his right to appeal his sentence, unless it exceeded his guideline range or the statutory maximum for his offenses. *Id. ¶* 9. He also agreed to the following in paragraph 11:

> Should it be judged by the Government that the defendant has committed or attempted to commit any additional crimes . . . from the date of the defendant's signing of this plea agreement to the date of the defendant's sentencing, . . . the United States will be released from its obligations and would become free to argue for any sentence within statutory limits. Such a breach by the defendant would not release the defendant from this plea of guilty.

The district court accepted Baltimore's plea and confirmed that his waiver was knowing and voluntary. Baltimore awaited sentencing the next two years at the Obion County Jail. While there, he assaulted two correctional officers, for which he was convicted in state court of two counts of assault and one count of vandalism. Baltimore was separately charged with committing three other assaults, two against correctional officers and one against another inmate. The government thus determined that Baltimore had breached the plea agreement and that it could recommend a sentence at the high end of the guidelines.

At his sentencing hearing, Baltimore did not dispute that he had breached the plea agreement or that he had committed new crimes. The district court calculated a guideline range of 214 to 246 months and sentenced Baltimore to 246 months. Baltimore then brought this appeal.

The government argues that Baltimore's appeal is barred by the appeal waiver in his plea agreement. We review that question de novo. *United States v. Jones*, 569 F.3d 569, 571–72 (6th Cir. 2009).

Baltimore's appeal waiver recited only a few grounds on which he could bring an appeal (*e.g.*, if his sentence exceeded the statutory maximum). Undisputedly, none of those exceptions applies here. Nor does Baltimore challenge the district court's determination that his appeal waiver was knowing and voluntary. Rather, he argues that his plea agreement no longer binds him—

because, he says, the government breached it when the government recommended a sentence at the high end of the guideline range rather than at the low end. But paragraph 11 of his plea agreement plainly states that the government would be "free to argue for any sentence within statutory limits" if Baltimore committed additional crimes while awaiting his sentencing hearing. And Baltimore did commit such offenses. The government therefore did not breach the plea agreement, which means Baltimore remains bound by his appeal waiver.

We dismiss Baltimore's appeal.